D'ARCY v. STAPLES & HANFORD CO.

(Circuit Court of Appeals, Sixth Circuit. July 5, 1906.)

No. 1,539.

Appeal from the Circuit Court of the United States for the Western District of Michigan.

The following is the decree in the Second Circuit:

And now, to wit, on this 13th day of July, 1905, this cause having been brought on for hearing on motion on behalf of complainant for a preliminary injunction to enjoin and restrain the defendants from infringement upon United States letters patent in suit, No. 474,536, dated May 10, 1892, to John A. Staples, as to claims 1 and 3 thereof, and upon complainant's exclusive rights thereunder, said motion being based upon bill of complaint, affidavit of John A. Staples, affidavit of Joseph H. Freeman, and all proceedings herein; it appearing that defendants herein were duly served with process, notice of motion and said papers above recited, and the subpoena having been returned, said return having been filed: Now, said defendants having failed to appear, upon reading and filing the bill of complaint, the notice of motion, admission of service, affidavit of John A. Staples verified July 7, 1905, affidavit of Joseph H. Freeman verified July 7, 1905; and upon Complainant's Exhibit A (certified copy letters patent in suit), C (certified copy opinion in suit of Staples & Hanford Co. v. Charles H. Lord), B (certified copy decree same suit), D (copy complainant's record same suit), E (original bill of sale to complainant herein by defendants), F (certified copy Staples assignment), G (certified copy post assignment), H (certified copy Staples & Hanford assignment), I (certified copy complainant's certificate of incorporation), and J (carriage seat embodying defendants' construction complained of herein having bends in hooked wires supporting springs); and upon due consideration had, and upon motion of Warfield & Duell, complainant's solicitors—it

is ordered, adjudged, and decreed that letters patent of the United States, No. 474,536, issued to John A. Staples, dated May 10, 1892, for improvement in support for chair seats, are good and valid letters patent as to claims 1 and 3 thereof; that said John A. Staples was the first, true, and sole inventor of the invention described and claimed in said letters patent and particularly recited in the first and third claims thereof; that the complainant, Staples & Hanford Company, is entitled to the exclusive right in and to said letters patent, in and to the invention secured thereby and in and to the entire right to recover damages and profits from all infringers thereon and that the title thereto is duly vested in the complainant, Staples & Hanford Company; and that the defendants, Abraham D. Fowler and Wygant D. Fowler have infringed upon the said letters patent No. 474,536 and upon the exclusive right of the complainant thereunder as to claims 1 and 3 thereof by selling and using spring supports embodying the invention and subject-matter described and claimed in the above specified claims of the said letters patent; and it is further ordered, adjudged, and decreed that an injunction issue out of and under the seal of this court addressed to and enjoining and restraining the defendants, Abraham D. Fowler and Wygant D. Fowler, and as copartners doing business under the name or style of the Newburgh Carriage Company, their agents, attorneys, servants, and workmen, from directly or indirectly making or causing to be made, using or causing to be used, or selling or putting into practice, operation, or use any supports of the construction shown in Complainant's Exhibit J, or otherwise embodying the said invention or inventions, embraced in said letters patent and particularly the first and third claims thereof, or otherwise infringing thereon, until the further order of this court.

Chappell & Earl (Fred L. Chappell, of counsel), for appellant.

Warfield & Duell, for appellee.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PER CURIAM. Appeal from a preliminary injunction granted upon basis of an adjudication upon same patent in the Second Circuit, and upon the showing made by affidavits and exhibits including record in former litigation over same patent. The defendant was allowed to go on with its business on giving bond to account for profits and damages, which has been done. Without expressing any opinion upon the merits, the court finds no such abuse of the discretion of the Circuit Court as to justify any modification of the injunction granted.

Affirmed.